UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| TERRELL CORDARRYL STANFORD, | ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 2:23-05243-FLA-JDE |
| Petitioner, | | ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |
| v. | | |
| WARDEN P. HORN, | | |
| Respondent. | | |

## I.

## INTRODUCTION

On June 22, 2023, the Court received from Terrell Cordarryl Stanford ("Petitioner"), a California state prisoner at California State Prison, Los Angeles County, proceeding pro se and without paying a filing fee or seeking leave to proceed in forma pauperis, a "Petition for Writ of Habeas Corpus" on a California state form. Dkt. 1 ("Petition" or "Pet.").

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), the Court has reviewed the Petition, finds it appears to suffer from several defects, and orders Petitioner to respond as set forth further below.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.

## PETITIONER'S CLAIMS

Petitioner is serving a 16 1/2 year sentence imposed in November 2009 by the Solano County Superior Court, which Petitioner claims also includes a one-year term imposed by the Alameda County Superior Court. Pet. at 2, 4 (CM/ECF pagination). Petitioner does not challenge his underlying conviction. Id. at 2. Instead, Petitioner raises three grounds for relief challenging the denial of a youth offender parole hearing and the calculation of his custody credits. Specifically, in Ground One, Petitioner contends that he was scheduled for a youth offender parole hearing on October 13, 2022 in accordance with California Senate Bills 260 and 261, but he never received a hearing, without explanation. Id. at 3. In Ground Two, Petitioner contends he is entitled to additional presentence credits from his Alameda County case "per In re Sosa." Id. at 4. In Ground Five, Petitioner contends the California Department of Corrections and Rehabilitation has improperly calculated the loss of custody credits resulting from three rules violation reports. Id. at 5-6.

## III.

## DISCUSSION

Pursuant to Rule 4 of the Habeas Rules, the Court must review the Petition and, if it plainly appears from the Petition and any attached exhibits that Petitioner is not entitled to relief, the Court must dismiss the Petition. Here, the Petition appears subject to dismissal for at least three, possibly four reasons: (1) Petitioner asserts non-cognizable claims; (2) Petitioner has not submitted his Petition on the form habeas petition approved by the Central District of California; (3) Petitioner has not paid the filing fee or sought to proceed in form pauperis; and (4) the Petition may be unexhausted, all as explained further below.

/ / /

2

**A.**   **Ground One Does Not Fall Within the Core of Habeas Corpus**

Federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). The "core of habeas corpus" is an attack on "the fact or duration of his confinement," in which a prisoner "seeks either immediate release from that confinement or the shortening of its duration." Id. at 489. In the Ninth Circuit, "if a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (quoting Preiser, 411 U.S. at 487; Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [Petitioner's] claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner's] claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." Nettles, 830 F.3d at 935 (quoting Skinner, 562 U.S. at 535 n.13).

Here, in Ground One, Petitioner contends that he has been deprived of a youth offender parole hearing in accordance with California Senate Bills 260 and 261. Pet. at 3. However, while this legislation provides certain youth offenders with a parole hearing, "[s]imply meeting the criteria of youth offender . . . does not result in an offender's immediate or earlier release from confinement." See Michal v. Borders, 2017 WL 6942434, at *3 (C.D. Cal. Dec. 11, 2017), accepted by 2018 WL 400746 (C.D. Cal. Jan. 11, 2018); see also Cal. Penal Code § 3051. Even if Petitioner were to prevail on this claim, the remedy would be a youth offender parole hearing, not outright release from

prison. The parole board could still deny parole "on the basis of any of the grounds presently available to it." <u>Nettles</u>, 830 F.3d at 935 (citation omitted). Thus, success on Ground One would not necessarily provide Petitioner immediate release from confinement or shorten his sentence. <u>See</u> <u>Knight v. Spearman</u>, 2021 WL 490282, at *6 (E.D. Cal. Feb. 10, 2021) (claim that petitioner was deprived of a youth offender parole hearing under Senate Bill 261 was not cognizable on federal habeas because any relief would not necessarily result in the petitioner's immediate or accelerated release from prison), <u>adopted by</u> 2021 WL 4478730 (E.D. Cal. Sept. 30, 2021). As such, this claim does not fall within the "core of habeas corpus." <u>Nettles</u>, 830 F.3d at 935; <u>see also e.g.</u>, <u>Glass v. Kernan</u>, 2017 WL 2296960, at *2 (E.D. Cal. Apr. 19, 2017) (concluding that petitioner's claim that Senate Bill 261 violated the Equal Protection Clause did not lie at the core of habeas corpus because a judgment in his favor would not necessarily lead to a speedier release), <u>accepted by</u> 2017 WL 2296963 (C.D. Cal. May 23, 2017).[1]

**B.** **<u>Grounds Two and Three Are Not Cognizable on Federal Habeas Review</u>**

Petitioner's remaining claims are not cognizable because federal habeas relief is not available for errors of state law. As noted, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." <u>Estelle v. McGuire</u>, 502 U.S. 62, 68 (1991). Matters relating solely to the interpretation and/or application of state law generally are not cognizable on federal habeas review.

---

[1] District courts have discretion to convert a habeas corpus petition into a civil rights complaint. <u>See</u> <u>Nettles</u>, 830 F.3d at 935-36. However, conversion is not warranted here for a number of reasons, including that Petitioner is seeking to pursue both habeas and civil rights claims in this action and prisoner civil rights actions are subject to different requirements (and higher filing fees) than are federal habeas proceedings.

4

See id. at 67 ("federal habeas corpus relief does not lie for errors of state law" (citation omitted)); Rhoades v. Henry, 611 F.3d 1133, 1142 (9th Cir. 2010) ("violations of state law are not cognizable on federal habeas review"). Here, Petitioner's claims challenging the CDCR's calculation of custody credits implicate only state law questions, and as such, are not cognizable on federal habeas review. See, e.g. Barnes v. Dir., Cal. Dep't of Corrs., 2020 WL 3571566, at *3 (E.D. Cal. July 1, 2020) ("Federal habeas challenges to CDCR's awarding and calculation of custody credits are regularly rejected as non-cognizable by the district courts."), adopted by 2020 WL 634786 (E.D. Cal. Oct. 29, 2020); Robison v. CDCR, 2018 WL 6329661, at *3 (E.D. Cal. Dec. 4, 2018) (same); Mason v. Holt, 2016 WL 6136076, at *5 (E.D. Cal. Oct. 21, 2016) ("To the extent petitioner is alleging that state authorities violated state law in failing to award him the correct amount of time credits . . ., his claims are not cognizable in this federal habeas action."). Although Petitioner attempts to characterize his claims as federal constitutional error, he cannot "transform a state-law issue into a federal one" merely by asserting a violation of the federal constitution. Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) (as modified). Petitioner's cursory references to the Fifth and Fourteenth Amendments are insufficient to state a cognizable federal constitutional claim.

Thus, it appears that the Petition does not allege a cognizable claim.

**C.  Other Defects**

The Petition also suffers from several other defects.

First, the Petition was not submitted on a form approved by this district. Rule 2(d) of the Habeas Rules authorizes district courts to require habeas petitions be filed in a form prescribed by the Local Rules. This Court has such a Local Rule. See Local Rule 83-16.1 ("A petition for writ of habeas corpus . . . shall be submitted on the forms approved and supplied by the Court."). The Petition is subject to dismissal for failure to use a Court-approved form.

Second, Petitioner did not pay the $5 filing fee for a federal habeas petition and did not file an application to proceed without prepayment of the filing fee as required by 28 U.S.C. § 1915.

Third, under 28 U.S.C. § 2254(b)(1), federal habeas relief may not be granted unless Petitioner has exhausted the remedies available in state courts or an exception to the exhaustion requirement applies. Exhaustion requires that the petitioner's claims be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979); see also Libberton v. Ryan, 583 F.3d 1147, 1164 (9th Cir. 2009). A claim has not been fairly presented to a state court unless the petitioner has described both the operative facts and the federal legal theory on which the claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 275-78 (1971); Greenway v. Schriro, 653 F.3d 790, 801 (9th Cir. 2011). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22 (1982). Petitioner has the burden of demonstrating that he has exhausted his available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam).

Here, Petitioner has not alleged any efforts to exhaust his claims in state court and based on his responses to the questions on the form habeas petition, it appears he has not exhausted his state court remedies (see Pet. at 7). As Petitioner did not use an approved form that would have required him to provide information about exhaustion, the Court does not make a determination as to whether his claims are exhausted, but notifies Petitioner of the requirement should he opt to file an amended petition.

/ / /

## IV.

## ORDER

For the foregoing reasons, the Petition is subject to dismissal. Petitioner is ORDERED TO SHOW CAUSE, in writing, by **no later than thirty (30) days from the date of this Order**, why this action should not be dismissed under Habeas Rule 4 for the reasons stated above. To the extent Petitioner contends he has exhausted his state court remedies, Petitioner is directed to provide information regarding his efforts to exhaust his claims in the state courts, and attach copies of any documents establishing that his claims are indeed exhausted.

Alternatively, Petitioner may file an amended petition **within thirty (30) days of the date of this Order** to attempt to cure the above-referenced defects. The Clerk is directed to send Petitioner a blank copy of the Central District habeas petition form for this purpose. The amended petition should reflect the same case number, be clearly labeled "First Amended Petition," and be filled out completely, including naming the appropriate respondent. In ¶ 8 of the First Amended Petition, Petitioner should specify separately and concisely each federal constitutional claim that he seeks to raise and answer all of the questions pertaining to each such claim.

Petitioner is cautioned that a failure to respond timely in compliance with this Order could result in this action being dismissed for the foregoing reasons, for failure to prosecute, and for failure to comply with a Court order. See Fed. R. Civ. P. 41(b).

Dated: July 11, 2023

_____
JOHN D. EARLY
United States Magistrate Judge